UNITED STATES of America and
Clifton Beale, Revenue Agent,
Internal Revenue Service

v.

Emanuel LIEBMAN and Liebman &
Flaster, A Professional Law
Corporation, Appellants.

No. 83-5766, 83-5842.

United States Court of Appeals,
Third Circuit.

Argued May 21, 1984.

Decided Sept. 13, 1984.

Herbert Odell, Robert D. Comfort (Argued), John P. Kopesky, Morgan, Lewis & Bockius, Philadelphia, Pa., for appellants.

W. Hunt Dumont, U.S. Atty., Newark, N.J., Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Charles E. Brookhart, Gayle P. Miller (Argued), Tax Div., Dept. of Justice, Washington, D.C., for appellees.

Before GARTH and SLOVITER, Circuit Judges, and NEAHER, District Judge.[*]

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

Emanuel Liebman and the law firm of Liebman & Flaster appeal from a district court order 569 F.Supp. 761 (D.N.J.1983) directing them to comply with an Internal Revenue Service summons. The appellants claim that enforcement of the summons, which seeks the names of all clients who paid fees over a three-year period in connection with the acquisition of certain tax shelters, would violate the attorney-client privilege. We agree, and we will reverse.

### I.

### Facts and Procedural History

The appellants, who specialize in tax law, investigate and evaluate real estate partnerships for clients who want to invest for tax purposes. At least for the period at issue here, the firm charged fees only to those clients who invested. Liebman & Flaster concedes that each of these clients was advised that the fee was deductible as a legal expense. Brief for Appellants at 7. The IRS contends, however, that the fees are not legal fees but brokerage charges, and are therefore not deductible. When the IRS discovered that some investors had deducted fees paid to Liebman & Flaster, the agency sought to ascertain the names of others who might have done the same by various cross-matching methods. This information is not readily available to the IRS from the returns of the other investors because taxpayers who deduct legal fees are not required to identify the recipients. Frustrated in its effort to find the other taxpayers, the IRS sought a John Doe summons to compel the law firm to identify clients who had paid fees in connection with real estate partnerships.

The IRS petitioned the district court under Section 7609(f) of the Internal Revenue Code, which permits service of a John Doe summons upon a showing that it relates to an "ascertainable group or class of persons" when there is "a reasonable basis for believing" that these persons have failed to comply with a tax code provision and the information sought is "not readily available from other sources." The summons requested "books, records, papers, billing ledgers and any other data which contains, reflects, or evidences the names, addresses and/or social security numbers of clients who paid fees in connection with the acquisition of real estate partnership interests in 1978, 1979 and/or 1980." App. at 12a.

Liebman and his firm objected that enforcement of the summons would violate the attorney-client privilege. The district court rejected the claim and granted the enforcement order, although it permitted the attorneys to produce a list of names rather than their records. See App. at 147a.

This appeal was taken from the district court's order.[1]

### II.

### Discussion

The sole issue before us is whether the attorney-client privilege protects the identi-

---

[*] Hon. Edward R. Neaher, United States District Court for the Eastern District of New York, sitting by designation.

[1.] Appeal No. 83–5766 is from the district court's oral order denying a timely motion for reconsideration. Appeal No. 83–5842 is from the district court's subsequent written order denying the same motion. We consider the appeals as consolidated.

ties of the Liebman & Flaster clients sought by the IRS. The question is governed by federal common law, *see* Fed.R. Evid. 501, which of course includes the attorney-client privilege. While the applicability of the privilege must turn on the facts of each case, determining the scope of protection in each case is a question of law. *See Upjohn Co. v. United States,* 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981).

It is well established that "absent unusual circumstances the identity of the client does not come within the attorney-client privilege." *Gannet v. First National State Bank of New Jersey,* 546 F.2d 1072, 1073 n. 4 (3d Cir.1976), *cert. denied,* 431 U.S. 954, 97 S.Ct. 2674, 53 L.Ed.2d 270 (1977). *See* 2 Weinstein's Evidence ¶ 503(a)(4)[02], at 503–32 & n. 2 (1982). The courts have found such "unusual circumstances" where so much of the actual attorney-client communication has already been disclosed that identifying the client amounts to full disclosure of the communication. *NLRB v. Harvey,* 349 F.2d 900, 905 (4th Cir.1965). *See also In re Grand Jury Proceedings—Gordon, Witness,* 722 F.2d 303, 307 (6th Cir.1983); *Grand Jury Empanelled February 14, 1978 (Markowitz),* 603 F.2d 469, 473–74 (3d Cir.1979); *United States v. Pape,* 144 F.2d 778, 783 (2d Cir.), *cert. denied,* 323 U.S. 752, 65 S.Ct. 86, 89 L.Ed. 602 (1944).

In *Markowitz,* we approvingly referred to cases affirming that the attorney-client privilege applies to the identity of a client in such a situation. We stated.

> In *Colton v. United States,* 306 F.2d 633 (2d Cir.1962), *cert. denied,* 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963) the court found the privilege warranted where "the substance of a disclosure has already been revealed but not its source." *Id.* at 637. Similarly, in *United States v. Pape,* 144 F.2d 778 (2d Cir.), *cert. denied,* 323 U.S. 752, 65 S.Ct. 86, 89 L.Ed. 602 (1944) the court observed that there may be "situations in which so much has already appeared of the actual communications between an attorney and a client, that the disclosure of the client

> will result in a breach of the privilege." *Id.* at 783.

*Markowitz,* 603 F.2d at 473. We held that the privilege was inapplicable in *Markowitz* because there were no confidences to which Markowitz' client would be linked were its identity known. *Id.*

■ In this case, appellants argue persuasively that protected confidences would be revealed by disclosing the clients' identities. If the summons merely requested the names of clients who paid fees, the information would not be protected by the attorney-client privilege. However, the summons is more specific. The affidavit of the IRS agent supporting the request for the summons not only identifies the subject matter of the attorney-client communication, but also describes its substance. That is, the affidavit does more than identify the communications as relating to the deductibility of legal fees paid to Liebman & Flaster in connection with the acquisition of a real estate partnership interest, App. at 116a–121a. It goes on to reveal the content of the communication, namely that "taxpayers ... were advised by Liebman & Flaster that the fee was deductible for income tax purposes." App. at 117a. Thus, this case falls within the situation where "so much of the actual communication had already been established, that to disclose the client's name would disclose the essence of a confidential communication...." *See United States v. Jeffers,* 532 F.2d 1101, 1115 (7th Cir.1976) (and cases cited therein).

■ The fact that the district court's enforcement order limited appellants' obligations to producing a list of names rather than their records does not alter the scope of the information sought, since the IRS has averred, and Liebman & Flaster have acknowledged, that the clients who paid fees for such advice were told they were deductible. Because the IRS request was limited to the group of persons who paid for specific investment advice, the IRS would automatically identify those who were told they could make the questionable deductions.

The IRS argues, and the district court agreed, that the identity of the client would fall within the attorney-client privilege only when disclosure of a client's identity would implicate the client in the matter for which he or she sought advice. App. at 145a–146a. Since the court assumed that the IRS is not investigating the taxpayers for illegalities arising from their participation in the real estate partnership but rather for the legality of the deduction of the attorney's fees and that, according to the district court, was not the matter as to which the taxpayers initially consulted Liebman & Flaster, the court found the attorney-client privilege inapplicable.

■ This construction of the privilege is unduly narrow. As we stressed in *Markowitz*, "it is the previously revealed *confidence*, not the fact of potential criminal prosecution, which accounts for the privilege." *Markowitz*, 603 F.2d at 473 n. 4 (emphasis added). Other courts have agreed that application of the privilege to a client's identity is not limited to discussions of criminal activity or torts. *See In re Grand Jury (Osterhoudt)*, 722 F.2d 591, 593 (9th Cir.1983); *In re Grand Jury Investigation No. 83–2–35*, 723 F.2d 447, 453 (6th Cir.1983); *NLRB v. Harvey*, 349 F.2d 900, 907 (4th Cir.1965). To limit the protection of a client's identity as the IRS urges would vitiate the privilege. It does not advance resolution of the issue to argue, as does the IRS, that the attorney-client privilege "is an obstacle to the search for the truth." Brief for the Appellee at 8. The salutary purpose of the privilege has re-

cently been noted in *Upjohn v. United States*, 449 U.S. at 389, 101 S.Ct. at 682, where the Court stated,

> Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.

All legal communications entered into with the expectation of privacy are privileged whatever the initial purpose of the consultation.

■ Nor do we see any basis for holding that the communication itself is not within the scope of the privilege. At issue is not the mere disclosure of the act of retaining a lawyer, a fact not normally privileged, but the disclosure of a substantial confidential communication. *See Osterhoudt*, 722 F.2d at 594; *Colton v. United States*, 306 F.2d 633, 637 (2d Cir.1962), *cert. denied*, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963).[2] Since the deductibility of a fee is a legal matter, it is a confidence ordinarily protected by attorney-client privilege. We conclude that it is so protected here.[3]

■ If appellants were required to identify their clients as requested, that identity, when combined with the substance of the communication as to deductibility that is already known, would provide all there is to know about a confidential communication between the taxpayer-client and the attorney. Disclosure of the identity of the client would breach the attorney-client privilege to which that communication is entitled.[4] For this reason the district court's

2. The Fifth Circuit, in *In re Grand Jury Proceedings (Pavlick)*, 680 F.2d 1026, 1027 (5th Cir.1982) (in banc), stated that the privilege would apply when the client's identity furnishes the "last link" in a chain of incriminating evidence that would result in the client's indictment. This appears to go further in sustaining the privilege than we were willing to accept in *Markowitz*. We do not rely on this "last link" in this case because here we find that there was a protected communication, and hence our decision is entirely consistent with *Markowitz*.

3. A legal communication is protected even if the consultation included advice that would be unprotected if rendered by a nonlawyer. *See NLRB v. Harvey*, 349 F.2d at 905 n. 3. There-

fore, even if the IRS is correct in contending that counseling about the purchase of partnership interests was a broker's rather than an attorney's function, this fact would have no bearing on the communication at issue here.

4. The IRS contends that the taxpayers waived their attorney-client privilege because they deducted the fees. Since the mere deduction of the fee did not disclose the substance of the communication, it could not constitute a waiver of the privileged substance of the advice received. *See Colton v. United States*, 306 F.2d at 639 (worksheets privileged to the extent they contain communications not disclosed on the tax return); *United States v. Jeremiah*, 76–1 U.S. T.C. (CCH) ¶ 9441 (D.Ore.1975) (lawyer's tax

order enforcing the summons will be reversed.

advice comes within attorney-client privilege even though taxpayer presumably acted on the advice in filing return). Moreover, it is by no means clear that all the clients whose identities would be revealed *did* take the deduction; those who did not can hardly be said to have "waived" the attorney-client privilege even under the government's theory, and we cannot find waiver on a speculative basis.