NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1371
_____

UNITED STATES OF AMERICA;
KERRY C. MARTIN, Revenue Officer, Internal Revenue Service

v.

JEFFREY D. SERVIN, ESQUIRE,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-16-cv-05615)
District Judge:  Hon. Cynthia M. Rufe
_____

Submitted Under Third Circuit LAR 34.1(a)
January 8, 2018

Before:  JORDAN, ROTH, Circuit Judges and STEARNS[*], District Judge

(Filed: February 1, 2018)
_____

OPINION[**]
_____

_____

[*] Honorable Richard G. Stearns, United States District Court Judge for the District of Massachusetts, sitting by designation.

[**] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, <u>Circuit Judge</u>

Jeffrey D. Servin appeals from a District Court order enforcing two administrative summonses issued by the Internal Revenue Service ("IRS"), in connection with its efforts to collect unpaid income taxes from him. Servin, who is a lawyer, argues that he is prohibited from disclosing the requested information to the IRS under Pennsylvania's attorney-client privilege and Rule 1.6 of the Pennsylvania Rules of Professional Conduct. For the reasons that follow, we will affirm.

## I.  BACKGROUND

The Internal Revenue Code grants the IRS "broad statutory authority" to compel a taxpayer to give testimony or produce documents in connection with determining tax liability. *United States v. Clark*, 134 S. Ct. 2361, 2364 (2014); *see also* 26 U.S.C. § 7602(a)(2). Pursuant to that authority, the IRS issued summonses to Servin in an effort to assess his income and assets and to collect delinquent taxes.[1] Specifically, it sought to verify the income Servin generated through his law practice. The summonses requested two categories of information: (1) Servin's current client list, including the names and addresses of each client; and (2) a list of his cases that will be settling or have settled within a specified time period, including the parties' names and addresses.[2] In response to the summonses, Servin appeared, but refused to disclose the requested information.

---

[1] Servin does not dispute that he has outstanding federal tax liabilities. That liability, and the amount owed, are not at issue in this case.

[2] The second summons also sought the name of the payer on each case that will be settling or has settled within the stated time-period.

2

The IRS filed a complaint accompanied by a supporting declaration from a revenue officer, seeking a court order to enforce the summonses. The District Court ordered Servin to respond, and also ordered him to appear and show cause why the summonses should not be enforced against him. Servin filed an answer and a memorandum of law in which he argued that, under Pennsylvania law, the attorney-client privilege and other confidentiality restrictions prevented him from producing the requested information, absent each client's informed consent.

The District Court then held a show-cause hearing and ordered Servin to comply with the summonses, but it limited the second category of requested information to include "only those cases that have settled, not cases that may settle[.]"[3] (App. at 5.) The District Court reasoned that the IRS summonses, as amended, "[are] not an invasion of the attorney-client privilege between Mr. Servin and his clients[,]" under either Pennsylvania or federal law. (App. at 52.) Servin filed a motion for reconsideration, which was denied. He has now appealed.

---

[3] The IRS does not contest that modification. Thus, as referenced herein, enforcement of the summonses refers to the two IRS summonses, dated March 18, 2016, and September 13, 2016, as modified by the District Court's order, dated January 18, 2017, limiting the settlement category of requested information to include only cases that have settled.

## II.    DISCUSSION[4]

The IRS "need only demonstrate good faith in issuing [a] summons." *Clarke*, 134 S. Ct. at 2365 (citation omitted).  Once it has done so, the burden shifts to the taxpayer to show "any appropriate ground" for quashing the summons. *Id.*  The District Court considered the IRS's complaint and supporting affidavit and concluded that the agency had met its initial burden.  It also concluded that Servin had not shown that his compliance with the summonses would violate the attorney-client privilege.

On appeal, Servin does not argue that the District Court erred when determining that the IRS met its initial burden to justify the issuance of the summonses.  Instead, he argues that, because Pennsylvania's attorney-client privilege and Rule 1.6 of the Pennsylvania Rules of Professional Conduct prohibit the unconsented disclosure of a client's name and address, the District Court erred by ordering him to comply with the summonses.  According to Servin, "in the absence of the client's informed consent the lawyer must not reveal information relating to the representation – moreover a presumption exists against such disclosure."  (Opening Br. at 5 (emphases removed) (citing Model Rules of Prof'l Conduct 1.6 cmt. [2]).)

---

[4] The District Court had jurisdiction pursuant to the Internal Revenue Code of 1986, 26 U.S.C. §§ 7402(b) and 7604(a). *Clarke*, 134 S. Ct. at 2365 ("If a taxpayer does not comply with [an IRS] summons, the IRS may bring an enforcement action in district court." (citing 26 U.S.C. §§ 7402(b), 7604(a))).  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We reject Servin's suggestion that the case involves adjudicating "state licensing regarding the practice of law," rendering jurisdiction or venue in federal court improper.  (Opening Br. at 5.)  "While the applicability of the [attorney-client] privilege must turn on the facts of each case, determining the scope of protection in each case is a question of law" over which we exercise plenary review. *United States v. Liebman*, 742 F.2d 807, 809 (3d Cir. 1984) (citing *Upjohn Co. v. United States*, 449 U.S. 383 (1981)).

4

"It is well-settled that the IRS's summons power is not absolute and is limited by the traditional privileges, including the attorney-client privilege. The burden of proving the defense falls upon the party resisting enforcement of the summons." *United States v. Rockwell Int'l*, 897 F.2d 1255, 1264 (3d Cir. 1990) (internal quotation marks and citation omitted). Whether the attorney-client privilege protects against disclosure of information sought by the IRS is a question "governed by federal common law," not state law. *Liebman*, 742 F.2d at 809.

The Supreme Court "ha[s] recognized the attorney-client privilege under federal law, as the oldest of the privileges for confidential communications known to the common law." *United States v. Zolin*, 491 U.S. 554, 562 (1989) (internal quotation marks and citation omitted). That privilege – although an essential and carefully guarded aspect of the attorney-client relationship – is not boundless. It protects only against the disclosure of confidential communications. *Upjohn Co.*, 449 U.S. at 389; *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 359-60 (3d Cir. 2007). We have said that, absent unusual circumstances, the attorney-client privilege does not protect against disclosing clients' identities. *Liebman*, 742 F.2d at 809; *see also Gannet v. First Nat'l State Bank of N.J.*, 546 F.2d 1072, 1073 n.4 (3d Cir. 1976) (citing cases).

Servin fails to identify any unusual circumstances here that suggest protected communications would be revealed by disclosing the names and addresses of his clients and other parties. Because he has not shown that the attorney-client privilege shields the

5

information requested by the IRS, the privilege cannot constitute grounds for quashing the summonses.[5]

Nor has Servin shown that the Pennsylvania Rules of Professional Conduct are a basis for quashing the summonses. The rule he relies on, Rule 1.6, provides in pertinent part: "A lawyer shall not reveal information relating to representation of a client unless the client gives informed consent, except for disclosures that are impliedly authorized in order to carry out the representation[.]" Pa. Rules of Prof'l Conduct 1.6(a). Although Pennsylvania courts have recognized that "a lawyer's duty of confidentiality to a client is quite extensive[,] … the Rules of Professional Conduct are not substantive law." *In re Estate of Wood*, 818 A.2d 568, 573 (Pa. Super. Ct. 2003) (citing *Commonwealth v. Chmiel*, 738 A.2d 406, 415 (Pa. 1999), *cert. denied*, 528 U.S. 1131 (2000)). Rather, those rules govern disciplinary proceedings against Pennsylvania attorneys, and, through its Supreme Court, the Commonwealth has said that the rules "do not govern or affect judicial application of … the attorney-client … privilege." *Id.* (internal quotation marks omitted) (quoting *Chmiel*, 738 A.2d at 415). We take Pennsylvania at its word.[6] Thus,

---

[5] Servin argues that Pennsylvania law controls. But even if that were true – and it is not – Servin fails to cite Pennsylvania case law supporting his claim that Pennsylvania's attorney-client privilege is "much more restrictive" and would prevent him from disclosing his clients' names and addresses. (Opening Br. at 5 (emphases omitted).) To the contrary, the Pennsylvania Supreme Court has cited our decision in *United States v. Liebman*, and appears to have adopted a similar approach. *See Levy v. Senate of Pennsylvania*, 65 A.3d 361, 371-72 (Pa. 2013) (holding that "a client's identity is generally not privileged," though "the attorney-client privilege may apply in cases where divulging the client's identity would disclose either the legal advice given or the confidential communications provided").

[6] The comments to Rule 1.6 state that its scope is limited by substantive law:

6

Rule 1.6 does not provide a defense, and Servin has not established a basis to avoid enforcement of the summonses.[7]

## III.    CONCLUSION

For the reasons stated, we will affirm the District Court's order, dated January 18, 2017.

---

> The principle of client-lawyer confidentiality is given effect by related bodies of law: the attorney-client privilege, the work product doctrine and the rule of confidentiality established in professional ethics. The attorney-client privilege and work-product doctrine apply in judicial and other proceedings in which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client. The rule of client-lawyer confidentiality applies in situations other than those where evidence is sought from the lawyer through compulsion of law.

Pa. Rules of Prof'l Conduct 1.6 cmt. 3.  The comments to Rule 1.6 further state:

> A lawyer may be ordered to reveal information relating to the representation of a client by a court or by another tribunal or governmental entity claiming authority pursuant to other law to compel the disclosure. Absent informed consent of the client to do otherwise, the lawyer should assert on behalf of the client all nonfrivolous claims that the order is not authorized by other law or that the information sought is protected against disclosure by the attorney-client privilege or other applicable law.

*Id.* cmt. 21.  Although we do not minimize Servin's concern about complying with Pennsylvania's ethical rules, those rules do not, as a matter of substantive law, shield attorneys from complying with a court order.  *E.g.*, *In re Estate of Wood*, 818 A.2d at 573 (concluding that an attorney "simply is not entitled to utilize Rule 1.6 in an effort to avoid the trial court's order").

[7] Servin's remaining suggestion that an "alternative collection procedure" would suffice, or that compliance would yield "de minimus" results, is without legal support. *Cf.* Fed. R. App. P. 28(a)(8) (stating that an appellant's argument must include the "appellant's contentions and the reasons for them, with citations to the authorities … on which the appellant relies"); *Clarke*, 134 S. Ct. at 2367 (noting that, when contesting a summons's validity, "[n]aked allegations of improper purpose are not enough").