*M. M. Ray* and *C. H. Test,* for the plaintiff.
*J. S. Newman,* for the defendant.

---

### Jenkinson *v.* The State.

When an attorney is consulted on business within the scope of his profession, the communications between him and his client are strictly confidential; and the attorney should neither be required nor permitted, by any judicial tribunal, to divulge them against his client, if the latter object to the evidence.

ERROR to the *Marion* Circuit Court.

BLACKFORD, J.—Indictment for perjury. Plea, not guilty. Verdict and judgment for the state.

The indictment charges the defendant with wilfully, corruptly, and falsely swearing to the truth of a plea, which he filed in a suit instituted against him by one *Gentle,* which suit was founded on a promissory note, &c.

There are several errors assigned, but the only one that we deem material is, that illegal testimony was admitted against the prisoner. The facts connected with this part of the cause are as follows:—A witness introduced and sworn on behalf of the prosecution, stated that he was the defendant's attorney in the suit named in the indictment; that he knew nothing about the cause except what he had learned as counsel for the defendant; and that the plea and affidavit shown to the witness were in his hand-writing, and were filed as a defence in the said suit; (the witness then recited the plea and affidavit.) The attorney for the state thereupon

asked the witness, whether he explained to the defendant the intent and meaning of the affidavit previously to his being sworn to it, and what the witness told the defendant about it. The question was objected to by the defendant, but the objection was overruled. The witness answered, that at the time the defendant employed him to attend to the suit of *Gentle* against the defendant, such a case was stated to him as made it his duty, in his opinion, to advise the defendant, that by filing the plea of the general issue under oath, he could put the plaintiff upon proof of the execution of the note; that the effect of the plea sworn to was a denial of his having executed said note; that he had better reflect, and tax his recollection, and consult with the opposite attorney, who perhaps might tell him something of the plaintiff, which would bring the execution of the note to his recollection. To this evidence the defendant objected, but the objection was overruled.

The policy of the law requires, that when an attorney is consulted on business within the scope of his profession, the communications on the subject between him and his client should be treated as strictly confidential. It is not material, whether the evidence relate to what was said by the attorney, or what was said by the client, in their private conversation on the business in which the attorney was professionally employed. The statements of each to the other, in such cases, must be considered as privileged communications; and the attorney should neither be required nor permitted, by any judicial tribunal, to divulge them against his client, if the latter object to the evidence. We think, therefore, that the defendant's objection to the testimony of his attorney, in this case, ought to have been sustained.

*Per Curiam.*—The judgment is reversed and the verdict set aside. Cause remanded, &c.

*H. Brown* and *W. Quarles*, for the plaintiff.
*W. J. Peaslee*, for the state.