## SMALE et al. v. UNITED STATES.[*]

(Circuit Court of Appeals, Seventh Circuit. December 5, 1924.)

No. 3454.

1. **Witnesses** ⬅199(1)—**Communications to attorney expected to be employed, and statements made under erroneous belief relation exists privileged.**

Though relation of attorney and client must ordinarily exist before communication is privileged, communications by client to attorney expected to be employed, notwithstanding attorney may find it impossible to accept retainer, and statements made under belief relation exists, are privileged.

2. **Witnesses** ⬅199(1)—**Voluntary communication to codefendant's attorney not privileged, in absence of joint defense.**

Communication voluntarily made to codefendant's attorney, whom defendant never intended to employ as his attorney, is not privileged, in absence of joint defense.

3. **Witnesses** ⬅223—**Doubt whether statement privileged should be determined preliminary to its admission in evidence.**

As respects issue of privilege, doubt as to voluntariness of defendant's statement to codefendant's attorney, or existence of joint defense, or of confidential nature of communication, should be determined by court preliminary to admitting testimony thereof.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Edward Smale, Jr., and another were convicted of conspiracy to influence juror, and to obstruct and impede the due administration of justice, and they bring error. Affirmed.

Everett Jennings, of Chicago, Ill., for plaintiffs in error.

Jacob I. Grossman, of Chicago, Ill., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Plaintiffs in error were convicted under an indictment charging them and one Carroll with conspiracy to influence a juror, and to obstruct and impede the due administration of justice. Numerous errors were assigned in support of the writ of error, but on oral argument all were waived or abandoned save one, which dealt with the admission of evidence.

The objectionable evidence was elicited on rebuttal. A privileged communication was the asserted basis for the objection. Defendant Smale was without objection interrogated concerning a statement by him made to one Igoe, attorney for the defendant Car-

'Certiorari denied 45 S. Ct. 462, 69 L. Ed. —.

roll. He denied making such a statement. At the close of defendants' testimony, Igoe was called as a witness by the government, and, against the objection of himself and defendant Smale, directed to relate the statement made by Smale to him which Smale had denied making.

When arrested and taken to the marshal's office, Smale sent for his lawyer, and defendant Carroll, who was also apprehended at the same time, sent for his attorney, Igoe. Igoe arrived shortly before Smale's counsel, and was conferring with his client, when Smale, who was in the same room, went voluntarily to Igoe and in substance said that he had not been in Carroll's saloon for six months, which, if true, disproved the government's theory that the conspiracy to corrupt the juror was hatched, and in part effectuated, in Carroll's saloon a few days before. On cross-examination, and without objection, Igoe stated that he told Smale that his client, Carroll, had told him a different story, and that he (Carroll) was going to tell only the truth.

We may pass the pertinent query whether the prejudice arising from this testimony did not lie in the statement which Igoe made without objection on cross-examination in favor of his client, Carroll, rather than in the information which the government elicited respecting Smale's statement to him. There may have been some prejudice to Smale's cause, however, in the reception of the testimony thus given on direct examination, and, as an appropriate objection was made, its admissibility must be determined.

[1] The general rule which excludes privileged or confidential statements is so well recognized that it needs no restatement. It is because the present is a somewhat unusual situation that controversy has arisen. That the relation of attorney and client must ordinarily exist before the communication is privileged must be admitted. 28 R. C. L. 553; 40 Cyc. 2363; York v. United States, 224 F. 88, 138 C. C. A. 356; Collins v. Hoffman, 62 Wash. 278, 113 P. 625, Ann. Cas. 1913A, 1; In re Davis' Estate, 142 Minn. 187, 171 N. W. 778; Gronewold v. Gronewold, 304 Ill. 11, 136 N. E. 489. But when does the relation begin? When does it terminate? What showing is necessary to establish the relation? Who determines it? Some of these questions become questions of fact. The communication of a client to an attorney whom the client expects to employ falls within the rule notwithstanding the attorney may find it impossible to accept the retainer. McNamee v. Bank, 88 Or. 636,

172 P. 801. Statements made under an erroneous impression that the relation exists should be protected. 28 R. C. L. 555.

[2] But here Igoe never was employed by Smale, and there is nothing to indicate that Smale ever intended to employ Igoe, or that Igoe led Smale to believe he would serve any defendant other than Carroll. In fact, Igoe's answer clearly negatives the suggestion that Smale considered the testimony confidential, or that Igoe would treat it as such.

It is also urged that, in a joint defense, communications by one defendant to another defendant's attorney should be privileged. To what extent such communication may be privileged we need not determine, for it is apparent that at that time Carroll's preparation for defense was separate and distinct from that of Smale, and Igoe was not then engaged in any joint defense. We conclude from all the evidence that Smale made the statement voluntarily to Igoe, who was not then nor thereafter his attorney, that Smale never intended to employ him, and the necessity as well as the wisdom of Igoe's appearing solely for his client Carroll is apparent throughout the record.

[3] If there existed doubt as to the voluntariness of the statement, or the existence of the joint defense, or the confidential nature of the communication, it was for the court to have determined it preliminarily to admitting the testimony. 28 R. C. L. 555. Upon the facts presented by this record, the trial judge could not have found any issue of fact in favor of Smale. The testimony was therefore properly admitted.

The judgment is affirmed.