**In re the SPECIAL, SEPTEMBER 1983, GRAND JURY.**

**In the Matter of Lee J. KLEIN (Witness).**

**No. Misc. 83–199.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

May 9, 1985.

John Daniel Tinder, U.S. Atty., Veta M. Carney, Asst. U.S. Atty., Indianapolis, Ind., for the U.S.

John H. Weston, Beverly Hills, Cal., for Lee J. Klein.

Robert Eugene Smith, Encino, Cal., for Harry V. Mohney.

James H. Voyles, Dennis E. Zahn, Indianapolis, Ind., for Burton H. Gorelick.

## MEMORANDUM

DILLIN, District Judge.

The witness, Lee J. Klein (hereafter Movant) has moved for a reconsideration of this Court's Order of March 1, 1985. Although several issues were considered by this Court in the March 1, 1985 Order, the Movant seeks reconsideration of only three issues. The Movant seeks to quash Subpoena 83–199–VMC–01–60, alleging that compliance therewith would violate the attorney-client relationship as protected under the Sixth Amendment to the United States Constitution and would violate the attorney-client privilege. The Movant also asserts that the subpoena is overbroad and oppressive in violation of the Fourth Amendment to the United States Constitution, Rule 45(b), F.R.Civ.P., and Rule 17(c), F.R.Crim.P.

The Movant is an attorney who has represented and continues to represent Harry V. Mohney and Burton H. Gorelick in various matters including tax, estate planning, business or financial, criminal, and domestic matters. The Movant's clients have been "targetted" by the Special September, 1983 grand jury relating to possible tax, arson, and RICO offenses. The Movant has been subpoenaed by this Special grand jury to testify and to produce "[a]ny and all documents relating to business and/or financial transactions involving, in any manner whatsoever, directly or indirectly, Harry V. Mohney and/or Burton H. Gorelick."

A hearing was held on the Movant's motion for reconsideration on March 12, 1985. The Movant's clients, Mohney and Gorelick, were permitted to intervene in this matter and fully participate in the hearing. Also on that date, the United States Attorney presented certain additional evidence to the Court *in camera* relevant to Movant's motion. The issues raised by the Movant will be considered separately.

### 1. The Attorney-Client Relationship

The Movant initially asserts that the attorney-client relationship is entitled to protection under the Sixth Amendment to the United States Constitution against interference by a grand jury investigation at least to the extent that the government must make a preliminary showing of relevance and need before compelling an attorney to appear before a grand jury in matters relating to his client. To support his argument, the Movant relies on the rationale of the Fourth Circuit Court of Appeals in *In re Special Grand Jury No. 81–1 (Harvey)*, 676 F.2d 1005, *vacated on rehearing when*

*witness became a fugitive,* 697 F.2d 112 (4th Cir. *en banc* 1982). The court in *Harvey* found that although the right to assistance of counsel under the Sixth Amendment does not attach at the grand jury stage, a grand jury witness has a substantial interest in continuing to receive assistance from counsel who was retained for the purpose of the grand jury investigation. *Id.* at 1010. The court noted that when a grand jury witness's attorney is subpoenaed to appear before the grand jury, a conflict of interest may arise, a wedge may be driven between the attorney and client which may destroy the attorney-client relationship, and there may be a chilling effect on truthful communications from the client to his attorney. *Id.* at 1009. To protect the interest of the witness in preserving the attorney-client relationship the court determined that the government must make a preliminary showing of the proper purpose of the grand jury investigation, the relevance of the evidence sought to that purpose, and an important need for such evidence. *Id.* at 1012.

In determining that a preliminary showing of proper purpose, relevancy, and need was required, the *Harvey* court opined that imposing this requirement was within its supervisory powers over grand jury proceedings and found that this requirement would not substantially interfere with the effectiveness of the grand jury in investigating criminal activities. *Id.* at 1012. Other courts, however, have disagreed with this rationale. *In re Grand Jury Proceeding (Schofield),* 721 F.2d 1221, 1222 n. 1 (9th Cir.1983) (court rejected *Harvey* because requiring a preliminary showing of relevance or need would conflict with Ninth Circuit law narrowly construing the supervisory power of district courts over grand juries); *In re Grand Jury Proceedings in Matter of Freeman,* 708 F.2d 1571, 1575 (11th Cir.1983) (court rejected *Harvey* because requiring a preliminary showing of relevance or need would improperly impose restrictions upon the grand jury's broad investigative powers as recognized in the Eleventh Circuit).

Similarly, the *Harvey* rationale is inconsistent with the law in the Seventh Circuit. Under the law in this circuit the power of the district courts to supervise grand jury proceedings is narrowly construed, *United States v. Udziela,* 671 F.2d 995 (7th Cir.), *cert. denied,* 457 U.S. 1135, 102 S.Ct. 2964, 73 L.Ed.2d 1353 (1982), and the investigative powers of the grand jury are found to be necessarily broad to accommodate the grand jury's "dual function of determining if there is probable cause to believe that a crime has been committed and of protecting citizens against unfounded criminal prosecutions." *Branzburg v. Hayes,* 408 U.S. 665, 686–87, 92 S.Ct. 2646, 2659, 33 L.Ed.2d 626 (1972); *Matter of Walsh,* 623 F.2d 489, 492 (7th Cir.), *cert. denied,* 449 U.S. 994, 101 S.Ct. 531, 66 L.Ed.2d 291 (1980); *Matter of Special February 1975 Grand Jury,* 565 F.2d 407 (7th Cir.1977); *United States v. Alewelt,* 532 F.2d 1165 (7th Cir.), *cert. denied,* 429 U.S. 840, 97 S.Ct. 114, 50 L.Ed.2d 109 (1976).

■ The grand jury's broad powers, however, are not without limitations. Grand jury subpoenas are subject to judicial scrutiny for reasonableness and are subject to the exertion of "a constitutional, common-law, or statutory privilege." *United States v. Dionisio,* 410 U.S. 1, 9, 93 S.Ct. 764, 769, 35 L.Ed.2d 67, 77 (1973); *see also Matter of Walsh, supra* (privilege); *United States v. Alewelt, supra* (reasonableness).

The Seventh Circuit Court of Appeals had an opportunity to balance the interests of a grand jury witness whose attorney was subpoenaed to appear before the grand jury against the interests of the grand jury in investigating criminal activities in *Matter of Walsh, supra.* The court found that the grand jury is subject to judicial supervision and that grand jury subpoenas are subject to the exertion of a privilege, but that no preliminary showing of need was required. *Id.* at 493. The court held that there was no privilege against appearing before a grand jury pursuant to a subpoena and that the exertion of a privilege must be made on a document-

by-document or question-by-question basis. *Id.*

Although the court in *Walsh* focused on the attorney-client privilege, the United States District Court for the Eastern District of Wisconsin considered the reasonableness of a subpoena directed to a grand jury witness's attorney in *In re Grand Jury Proceedings of June 16, 1981,* 519 F.Supp. 791 (1981).

The subpoenaed attorney before Judge Gordon of the Eastern District of Wisconsin argued that enforcement of the grand jury subpoena would violate the attorney-client relationship and would constitute an abuse of the grand jury process. *Id.* at 792. The attorney relied on two Third Circuit cases, *In re Grand Jury Proceedings (Schofield II),* 507 F.2d 963 (1975), and *In re Grand Jury Proceedings (Schofield I),* 486 F.2d 85 (1973) (subsequently relied upon by the Fourth Circuit in *Harvey*), which required preliminary showings by affidavit of the relevance and propriety of grand jury subpoenas. *Id.* at 794.

Interpreting the law of the Seventh Circuit, Judge Gordon found that *Schofield I* and *Schofield II* were not controlling and that no preliminary showing by affidavit of the relevance of a grand jury subpoena was required. *Id.* Judge Gordon noted that the Seventh Circuit Court of Appeals had set forth the standard of reasonableness for grand jury subpoenas in *United States v. Alewelt, supra,* and that "[n]othing in *Alewelt requires* the government to support its subpoena with an affidavit." *Id.* (emphasis in original). The court stated in *Alewelt* at 1168:

> The authority of a grand jury to inquire into violations of criminal law through the use of subpoenas duces tecum is necessarily broad ... and is generally limited only by the requirement that the evidence to be produced cover a reasonable period of time, is relevant to the investigation, and is identified with reasonable particularity.

Additionally, in two cases arising out of the Seventh Circuit, the United States Supreme Court held that no preliminary showing of the reasonableness of a grand jury subpoena is required. *United States v. Dionisio, supra; United States v. Mara,* 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99 (1973). The attempt of the Fourth Circuit Court of Appeals in *Harvey, supra,* to distinguish *Dionisio* and *Mara* by limiting the cases to their precise facts is not persuasive. *See Harvey,* 676 F.2d at 1011–12. The Supreme Court in *Dionisio* stated: "Any holding that would saddle a grand jury with minitrials and preliminary showings would assuredly impede its investigation and frustrate the public's interest in the fair and expeditious administration of the criminal laws." 410 U.S. at 17, 93 S.Ct. at 773, 35 L.Ed.2d at 81.

In conclusion, the government is under no obligation to make a preliminary showing of relevance or need when subpoenaing an attorney whose client is a witness before the grand jury in this circuit. This ruling does not leave the attorney-client relationship without protection from unreasonable interference by a grand jury. To the extent that the attorney-client relationship is entitled to protection from inquiry by a grand jury, the attorney-client privilege may be invoked as provided in *Matter of Walsh, supra,* or the subpoena may be challenged under the reasonableness standard set forth in *Alewelt, supra.*

## 2. The Attorney-Client Privilege

The Movant seeks to quash the subpoena on the basis that the act of compliance would violate the attorney-client privilege. The subpoena seeks documents relating to business and financial transactions in which Mohney and/or Gorelick were directly or indirectly involved. The Movant claims that his knowledge of his clients' "indirect" involvement respecting any document would be based upon confidential communications with his clients. Thus, he argues, selecting and producing documents which indirectly involve his clients would reveal to the grand jury that such documents exist and would reveal confidential communications.

■ Such a broad based exertion of the attorney-client privilege is not permitted under the law of the Seventh Circuit. The attorney-client privilege is in derogation of the search for truth and is narrowly construed. *Matter of Walsh, supra.* It does not protect the attorney-client relationship as a whole but rather protects only confidential communications properly made within its scope. *Id.*

■ The Seventh Circuit follows the Wigmore formulation of the privilege which provides as follows:

(1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the advisor, (8) except the protection be waived.

*Matter of Walsh,* 623 F.2d at 492, *quoting* 8 Wigmore, Evidence § 2292 at 554 (McNaughton rev. 1961). The Movant has the burden of establishing the essential elements of the privilege with respect to each communication sought to be protected. *United States v. Lawless,* 709 F.2d 485 (7th Cir.1983); *Matter of Walsh, supra.* The attorney-client privilege "must be made and sustained on a question-by-question or document-by-document basis; a blanket claim of privilege is unacceptable." *United States v. Lawless,* 709 F.2d at 487; *see also Matter of Witnesses Before Sp. March 1980 Grand Jury,* 729 F.2d 489 (7th Cir.1984); *Matter of Walsh, supra.* Additionally, there is no privilege to refuse to appear before the grand jury. *Matter of Walsh,* 623 F.2d at 493. Therefore, the Movant may not broadly assert that the privilege applies to all communications and refuse to appear before the grand jury. Nevertheless, if a dispute exists regarding whether certain communications are protected by the privilege, the Movant may submit the communication to the Court *in camera* for resolution of the issue. *Matter of Witnesses Before Sp. March 1980 Grand Jury,* 729 F.2d at 495.

■ In the present case, the Movant has blanketly asserted that compliance with the grand jury subpoena would require disclosure of privileged communications. The Movant, however, has made no *in camera* submissions which would enable this court to rule with specificity on the availability of the attorney-client privilege. Selecting and producing documents in compliance with the subpoena would reveal only that the Movant possesses documents relating to business or financial transactions in which the Movant's clients were involved. The fact that the Movant was retained by his clients regarding certain business and financial transactions is already known and, in any event, documents prepared and advice rendered regarding business or financial matters is generally not privileged. *See United States v. Lawless, supra; Matter of Walsh, supra.* At this juncture, therefore, the Movant has failed to show that the act of compliance with the subpoena constitutes disclosure of privileged communications and the Movant may not avoid compliance with the subpoena under his blanket assertion of the attorney-client privilege.

3. The Fourth Amendment, Rule 45(b), Federal Rules of Civil Procedure, and Rule 17(c), Federal Rules of Criminal Procedure

The United States Supreme Court stated in *United States v. Dionisio, supra,* that "[t]he Fourth Amendment provides protection against a grand jury subpoena duces tecum too sweeping in its terms 'to be regarded as reasonable.'" 410 U.S. at 11, 93 S.Ct. at 770, 35 L.Ed.2d at 78, *quoting Hale v. Henkel,* 201 U.S. 43, 76, 26 S.Ct. 370, 379, 50 L.Ed. 652, 666 (1906). As noted above the Seventh Circuit Court of Appeals, in *United States v. Alewelt, supra,* set forth a standard of reasonableness applicable to grand jury subpoenas duces tecum requiring "that the evidence to be produced cover a reasonable period of time, is relevant to the investigation, and is identified with reasonable particularity." 532 F.2d at 1168. Additionally, the federal civil

and criminal procedure rules authorize courts to quash or modify subpoenas duces tecum which are overbroad or oppressive. Rule 45(c), F.R.Civ.P.; Rule 17(c), F.R. Crim.P.

Although the subpoena at issue does not specify a time period, the government and the Movant have stipulated that the subpoena requires the production of documents accumulated within the ten year period immediately preceding the date of the subpoena. The Movant does not challenge the subpoena as covering an unreasonable period of time.

■ The Movant directs his challenge to the subpoena's broad scope and to its lack of specificity in identifying the particular documents to be produced. The Movant asserts that the failure to identify specific businesses or transactions and the request for documents relating in any way to the two named individuals show that the government is on a "fishing expedition" and that the subpoena is overbroad, oppressive, and lacks the required particularity in describing the documents to be produced. Consistent with the broad investigatory powers of the grand jury which are necessary for the performance of its functions, *Matter of Walsh, supra,* a broad scale approach in specifying the documents to be produced by subpoena may be allowed. *Matter of Berry,* 521 F.2d 179 (10th Cir.), *cert. denied,* 423 U.S. 928, 96 S.Ct. 276, 46 L.Ed.2d 256, *reh. denied,* 423 U.S. 1039, 96 S.Ct. 577, 46 L.Ed.2d 414 (1975). The United States Attorney submitted evidence *in camera* to the Court which establishes the relevancy of the documents relating to all business and financial transactions in which the two named individuals were involved. Documents relating to such transactions are relevant to the grand jury's investigation whether or not the involvement of the two individuals is direct and apparent from the face of the document. The evidence submitted *in camera* also shows that the purpose of the grand jury's investigation is legitimate. In seeking the production of these documents, the government is not on a mere "fishing expedition" but rather is seeking documents which are relevant to the legitimate purpose of the grand jury investigation.

■ Additionally, the subpoena describes the documents to be produced with sufficient particularity that the Movant may readily identify those which are sought by the grand jury. Although the Movant asserts that the production of documents relating to transactions in which his clients were "indirectly" involved may require him to use his discretion in determining which documents to produce, he does not claim that he is unable to identify the documents in his possession which are to be produced pursuant to the subpoena. As noted above, specific challenges may be made *in camera* on a document-by-document basis. *In re Grand Jury Proceedings of June 16, 1981, supra; see Matter of Walsh, supra.* This Court is satisfied that the subpoena identifies the documents to be produced with reasonable particularity.

Lastly, the Movant has made no showing that production of the documents pursuant to the subpoena would be oppressive. Therefore, the subpoena complies with the relevancy and particularity requirements of the Fourth Amendment as set forth in *United States v. Alewelt, supra,* and is not overbroad or oppressive.

For the foregoing reasons, therefore, the Movant's motion to reconsider this Court's Order of March 1, 1985, will be denied. Additionally, the Movant's motion for stay pending appeal will be denied. Accordingly, the Movant is ordered and directed to comply with the subpoena forthwith consistent with this Memorandum.