Virgil C. CORLL, et al., Appellants–Plaintiffs,

v.

EDWARD D. JONES & CO., Appellee–Defendant.

No. 85A02–9408–CV–462.

Court of Appeals of Indiana, First District.

Feb. 16, 1995.

Joseph H. Yeager, Jr., Robert D. More-land, Baker & Daniels, Indianapolis, Scott L. Starr, Jon M. Myers, Starr Austen & Trib-bett, Logansport, Donald R. Metz, Tiede, Metz & Downs, P.C., Wabash, for appellants.

Edward O. Delaney, Anne N. Deprez, Sa-mantha M. Williams, Barnes & Thornburg, Indianapolis, Richard P. Fisher, Fisher & Ireland, Wabash, for appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Virgil C. Corll, et al., (the "Investors") bring this interlocutory appeal from the trial court's orders granting two motions to compel discovery.[1] Edward D. Jones & Compa-

---

1. We accepted jurisdiction of this appeal pursu- ant to Indiana Appellate Rule 4(B)(6).

ny ("Jones") moved to compel disclosure of the content of certain meetings the Investors had with attorneys prior to filing suit, and the Investors sought a protective order on the basis of attorney-client privilege. The trial court denied the Investors' request for a protective order.[2]

We reverse.

## ISSUE

The sole issue presented on appeal is whether the trial court abused its discretion when it granted Jones' motions to compel discovery of the content of any communications which occurred during group meetings between the Investors and counsel.

## FACTS

The Investors filed a class action against Jones and alleged that the national brokerage firm, through its Marion, Indiana, employee Richard Seaman, misrepresented the risks involved in certain mutual funds, securities, and other investments purchased by the Investors.[3] During the course of depositions, several Investors testified that they had attended a series of group meetings held prior to the commencement of this lawsuit which were also attended by attorneys who subsequently became the Investors' counsel in the lawsuit. At those depositions, in response to inquiry by Jones, the Investors were instructed by their counsel not to answer any questions regarding the substance of any conversations that took place at those meetings on the basis that the information was protected by the attorney-client privilege.

Jones filed a motion to compel discovery of both the identities of those persons who attended the meetings and also what had occurred at the meetings. The trial court summarily granted the motion. Thereafter, the Investors moved for a protective order. Following a change of venue from the county, the court denied the Investors' motion and ordered the Investors to respond to discovery aimed at identifying the "content or attendance" at the preliminary meetings be-

tween counsel and prospective plaintiffs. Record at 389. In compliance with the order, and in response to an interrogatory question, the Investors provided a supplemental list of persons who had attended the meetings.

However, at a subsequent deposition, counsel for the Investors again instructed one of the plaintiffs not to answer any questions regarding conversations which had occurred during the group meetings. The Investors asserted that the court's order which compelled disclosure of the "content" of the meetings was narrow in scope and that it included only the general subject-matter of the meetings, and that any actual communications were protected by the attorney-client privilege. Jones filed a second motion to compel discovery and also moved for sanctions against the Investors. On January 25, 1994, the trial court granted Jones' second motion to compel and the request for sanctions.

Then, following a change of venue from the judge, the Investors requested that the court reconsider the prior discovery orders or, in the alternative, to certify the orders for interlocutory appeal. In deference to the prior orders, the court denied the Investors' motion to reconsider but certified the orders for interlocutory appeal.

## DISCUSSION AND DECISION

### Standard of Review

 The trial court is vested with broad discretion in ruling on discovery matters, and we will reverse only upon a showing of an abuse of discretion. *State v. Hogan* (1992), Ind.App., 588 N.E.2d 560, 562, *trans. denied.* An abuse of discretion occurs when the trial court reaches a conclusion which is against the logic and natural inferences to be drawn from the facts of the case. *Mulder v. Vankersen* (1994), Ind.App., 637 N.E.2d 1335, 1337, *trans. denied.*

---

**2.** We heard oral argument on January 31, 1995.

**3.** In an unrelated interlocutory appeal, this court affirmed the trial court's class certification, yet

reversed and remanded with instructions to modify the class definition. *Edward D. Jones v. Cole* (1994), Ind.App., 643 N.E.2d 402, *trans. pending.*

## Attorney–Client Privilege

■ The Investors contend the trial court abused its discretion when it denied their motion for a protective order. They assert that any communications that occurred during the group meetings between counsel and the Investors are protected by the attorney-client privilege and, thus, are not discoverable. We agree.

■ The scope of discovery is governed generally by Trial Rule 26(B), which provides that parties "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending action." Under Indiana law, communications between an attorney and a client are privileged and not discoverable. The attorney-client privilege provides that attorneys shall not be competent witnesses "as to confidential communications made to them in the course of their professional business, and as to advice given in such cases." IND.CODE § 34-1-14-5. This principle of confidentiality in the context of the attorney-client relationship not only plays a role in our law of evidence but is also fundamental to our rules of professional conduct which forbid attorneys from revealing "information relating to representation of a client unless the client consents after consultation." *See* Ind.Professional Conduct Rule 1.6.

Accordingly, our supreme court has recognized that the attorney-client privilege "protects against judicially compelled disclosure of confidential information regardless of whether the information is to be disclosed by way of testimony or by court-ordered compliance with a discovery request which a party has attempted to resist." *Canfield v. Sandock* (1990), Ind., 563 N.E.2d 526, 529. "The harm to be prevented is not the manner in which the confidence is revealed, but the revelation itself." *Id.*

■ The rule is that "when an attorney is consulted on business within the scope of his profession, the communication on the subject between him and his client should be treated as strictly confidential." *Colman v. Heidenreich* (1978), 269 Ind. 419, 423, 381 N.E.2d 866, 869 (quoting *Jenkinson v. State* (1840) 5 Blackf. 465, 466.) The privilege applies to all communications between the client and his attorney for the purpose of obtaining professional legal advice or aid regarding the client's rights and liabilities. *Hueck v. State* (1992), Ind.App., 590 N.E.2d 581, 584, *trans. denied.* The burden is on the person asserting the privilege to show that the consultation was a professional one. *Colman,* 269 Ind. at 423, 381 N.E.2d at 869.

It is clear that the party asserting the privilege has the burden to establish that he is entitled to its protection. *See id.* The parties in this case dispute what that burden includes and whether the Investors have satisfied their burden. Specifically, Jones asserts that the Investors have failed to make any showing that a "confidential communication" was involved as required to establish the attorney-client privilege. The Investors respond that they have made a prima facie showing of confidentiality. We agree with the Investors.

Our courts have never specifically addressed what the party invoking the privilege is required to show to establish that a communication is confidential. In *Colman,* our supreme court articulated the burden on the party asserting the privilege as the burden to show the "consultation was a professional one." *Id.* 381 N.E.2d at 869. More recently, this court has interpreted *Colman* as requiring the person asserting the privilege to show that (1) an attorney-client relationship existed and (2) a confidential communication was involved. *Hueck,* 590 N.E.2d at 584.

The record in this case reveals that on at least three occasions, several prospective plaintiffs attended meetings at the Grant County Courthouse Annex at which one or more attorneys were present. While some of the Investors were not aware what would transpire at the preliminary meetings, the purpose of those meetings was to gather those Jones investors who had dealt with Richard Seaman to meet with attorneys to discuss their losses.

■ Thus, there is no question that the purpose of each preliminary meeting was to discuss a potential lawsuit. The Investors are seeking to protect from disclosure any statements made by the Investors during the

meetings and any legal advice provided by the attorneys to those in attendance. Where, as here, a group of individuals meet with attorneys concerning potential litigation, and the purpose of that consultation is to provide legal advice regarding rights and liabilities, we conclude that any communications made in furtherance of that purpose are "confidential communications" between attorney and client and carry with them an expectation of confidentiality.[4] Thus, the Investors have made a prima facie showing they are entitled to the protection of the attorney-client privilege.[5]

Of course, not every communication between an attorney and a client is a "confidential communication" and entitled to a reasonable expectation of confidentiality. For example, as a general rule information regarding a client's attorney's fees is not protected by the attorney-client privilege because the payment of fees is not considered a confidential communication between attorney and client. *See id.* at 585. A client's identity is not usually considered privileged information. *Id; but see Colman,* 269 Ind. at 427, 381 N.E.2d at 871 (identity of client privileged under circumstances where to reveal the client's name would disclose confidential communications). Similarly, communications which are intended to be made public are not privileged, as there is clearly no expectation of confidentiality. *See United States v. Lawless* (7th Cir.1983), 709 F.2d 485, 487 (no expectation of confidentiality with respect to information given to attorney for purpose of preparing tax return). Such is not the case here.

The fact that the Investors met as a large group and were essentially strangers to one another does not alter our conclusion that they had a reasonable expectation of confidentiality in the meetings. When two or more persons, with a common interest in some legal problem, jointly consult an attorney, "their confidential communications with the attorney, though known to each other, will of course be privileged in a controversy of either or both the clients with the outside world." *McCormick on Evidence* § 91 (4th ed. 1992). We see no reason to fashion a different rule of privilege for a group of prospective clients than for the single prospective client who seeks the advice of counsel to determine his legal rights and obligations.

Further, while some of the prospective plaintiffs may have eventually decided not to join in this lawsuit, their absence from the litigation does not preclude the Investors from asserting the privilege. All of the prospective plaintiffs met to discuss a matter of joint concern and were present to further a common interest in consultations with the attorneys. Thus, the presence of other interested parties does not destroy the confidentiality of any communications. *See* 81 Am. Jur.2d *Witnesses* § 383, § 435 (1992).

Jones argues that the Investors' own testimony demonstrates the communications at issue were not confidential. It directs us to the deposition testimony of several Investors who were asked whether they had conveyed any confidential information to the attorneys present at the meetings. These Investors answered that they had not. However, the attorney-client privilege protects confidential communications *between* attorney and client, which includes information conveyed by the attorney to the client in the form of legal advice. *See* IND.CODE § 34–1–14–5(2). The evidence in this case is that the meetings concerned potential litigation and, thus, even if the Investors had provided no information, legal advice conveyed by the

---

4. Whether or not any one investor had retained any of the attorneys prior to a specific meeting is of no consequence. We agree with the investors that the preliminary nature of the meetings does not remove the meetings from the scope of the attorney-client privilege. What is essential to the existence of the attorney-client privilege is the confidential relation of client and attorney, and not the pendency of litigation or payment of a fee. *Colman,* 381 N.E.2d at 869; *see Westinghouse Elec. Corp. v. Kerr–McGee Corp.* (7th Cir.

1978), 580 F.2d 1311, 1319 n. 12 (communications during preliminary discussion with a view to employing the attorney are privileged though employment is never accepted).

5. Prior to the hearing on the motion to reconsider the Investors submitted four additional affidavits in support of their attorney-client privilege claim. However, in our decision we do not rely on those affidavits.

attorneys would still be privileged. Further, whether a communication is confidential cannot be determined conclusively by the lay client's subjective opinion as to what is confidential, but rather by an objective determination whether under the facts and circumstances the communication was made within the scope of the attorney-client relationship.

■ Finally, Jones contends the evidence before the trial court showed that Ruth Cartwright, a newspaper reporter who was not a prospective plaintiff, was present for at least one of the meetings and, thus, that any communications which occurred were not in fact "confidential." Jones similarly argues that "there is nothing in the record to show that other disinterested strangers were not present." Brief of Appellee at 16.

■ We agree with Jones that communications made within the presence or hearing of a disinterested third person are not protected by the attorney-client privilege. *See Lewis v. State* (1983), Ind., 451 N.E.2d 50, 55. However, the Investors' burden is not the burden to prove a negative. That is, the party invoking the privilege need not show that disinterested third persons were not present. Where, as here, the party invoking the attorney-client privilege has shown that the consultation was for the purpose of obtaining professional legal advice, he has made the requisite prima facie showing of confidentiality for the privilege to attach to any communications made in furtherance of that purpose during such consultations. The burden then shifts to the party opposing the assertion of the attorney-client privilege to show that the communications were not protected by the privilege because the confidentiality was waived or otherwise nullified.

Here, in support of their motion for a protective order, the Investors submitted the affidavit of Ruth Cartwright. Cartwright averred that, although she helped call one of the meetings to order, she left that meeting before legal matters were discussed and did not return. Cartwright stated that she was not present during any substantive portion of any meeting between prospective plaintiffs and attorneys. In opposition to Cartwright's affidavit, Jones again directs us to the deposition testimony of three Investors who recalled that Cartwright attended at least a portion of the initial meeting but who could not recall when she left or whether she was present during all or even part of any other meeting. This testimony was at best inconclusive, and there was no evidence before the trial court which actually rebutted Cartwright's own statement that she was not present during the substantive portion of any meeting. Based on this evidence, Jones has failed to establish that the attorney-client privilege did not attach to the preliminary consultations between the Investors and their counsel.

### Public Policy

The attorney-client privilege is an important provision in our law for the protection of persons in need of professional legal help. *Colman,* 269 Ind. at 422, 381 N.E.2d at 868. The privilege allows both the attorney and the client to give complete and confidential information, so that both may be fully advised regarding the attorney's services to the client. *See id.* Moreover, it assures the client that these confidences will not be violated. *Id.*

In recent years, class actions and multiple plaintiff litigation have become more prevalent. Individuals who have suffered a common harm often share an attorney's time and the court's time with those similarly situated. When, as in the present case, a class action is in its organizational phase, adequate discussion and full disclosure of legal matters with counsel is vital to allow prospective class members to be advised of their potential rights and liabilities regardless of whether they join an eventual class. In many instances group consultations may be the only manageable way for attorneys to meet with and advise prospective class members. The ability of prospective plaintiffs to obtain the necessary advice to make an informed decision would be hampered if disclosure of communications that occur during these consultations can be compelled through the discovery process.

With these concerns in mind, we conclude on these facts that the Investors have established that any communications which occurred during the group meetings between

the Investors and their attorneys are protected from disclosure by the attorney-client privilege. We further conclude that Jones has failed to provide evidence sufficient as a matter of law to overcome the privilege. Thus, we hold that the trial court abused its discretion when it granted Jones' motions to compel discovery and denied the Investors' motion for a protective order. The discovery orders at issue here are reversed.

Reversed.

BAKER and FRIEDLANDER, JJ., concur.