UNITED STATES of America, Appellee,

v.

(UNDER SEAL), Appellant.

### In re GRAND JURY SUBPOENA

No. 85–1077.

United States Court of Appeals,
Fourth Circuit.

Argued Aug. 13, 1985.

Decided Oct. 8, 1985.

---

William C. Brennan, Jr., Upper Marlboro, Md. (Knight, Manzi, Brennan & Ostrom, P.A., Upper Marlboro, Md., on brief) for appellant.

Robert J. Mathias, Asst. U.S. Atty., Baltimore, Md. (J. Frederick Motz, U.S. Atty., Baltimore Md., on brief) for appellee.

Before MURNAGHAN and CHAPMAN, Circuit Judges and HAYNSWORTH, Senior Circuit Judge.

CHAPMAN, Circuit Judge:

On January 4, 1985, the United States District Court for the District of Maryland issued an order denying appellant's motion to quash a grand jury subpoena served upon his attorney. The subpoena instructed his attorney to produce certain documents and records regarding fees paid by or on behalf of appellant for his attorney's legal representation of appellant in connnection with a narcotics conspiracy case

in the United States District Court for the District of Columbia in 1981. Appellant maintains that enforcing the subpoena violates his sixth amendment right to counsel, his attorney-client privilege, and his fifth amendment privilege against self-incrimination. We hold that enforcing the subpoena does not violate these rights and privileges and accordingly affirm the district court's order.

I

In March 1981 appellant retained an attorney to represent him in a narcotics conspiracy case in the United States District Court for the District of Columbia. According to his attorney's handwritten fee notations and receipts delivered to the United States Attorney's office pursuant to the subpoena in question, appellant paid $12,500 in cash to his attorney during 1981 pursuant to their retainer agreement. Appellant paid his attorney an additional $1500 in cash in 1982 and another $500 in cash in both September 1983 and January 1984. According to his attorney's record, appellant made no further payments and the account was closed as of the end of 1984.

Appellant claims that he began to suspect that he was the target of a grand jury investigation early in 1984 when a federal grand jury in the District of Maryland issued a subpoena to his wife to testify regarding the couple's finances. Appellant further claims that he advised his attorney of his suspicion and began to consult his attorney for legal advice as the investigation progressed. However, there is no evidence in the record that appellant ever paid his attorney any fees or entered into any retainer agreement in connection with the criminal tax investigation by the grand jury in the District of Maryland.

On October 18, 1984, the same grand jury issued a subpoena to appellant's attorney seeking documents regarding fees paid by or on behalf of appellant. More specifically, the subpoena instructed appellant's attorney to appear before the grand jury and produce "[a]ll records regarding passports, fees, etc., paid your firm, or you personally [by appellant or his family] . . . [and]

[a]ny other documents in your possession relating to any financial transaction; their financial position, or money accepted or disbursed for any of the above, for any reason." This grand jury investigation included potential criminal tax violations by appellant for the years 1979 to 1982, and subsequent years. The only documents falling within the scope of the subpoena were a retainer agreement dated March 4, 1981, a handwritten sheet containing notations made under the agreement, and five receipt stubs from a receipt book in his attorney's office. All of these documents related solely to the 1981 criminal narcotics case in the District of Columbia.

The United States claims that appellant's attorney indicated that he had no personal basis for opposing production of the documents but would discuss it with appellant. Appellant claims that his attorney advised him that complying with the subpoena would place him in a position of an attorney-witness which created a conflict of interest with appellant. Appellant also claims that his attorney then suggested that he retain other counsel to represent him.

On November 27, 1984, appellant, through new counsel, filed a motion to quash the grand jury subpoena issued to his former attorney. The government opposed the motion to quash. On January 4, 1985, following a hearing, the district court denied appellant's motion to quash and filed a memorandum opinion and order.

The principal issue before the district court was whether the documents requested by the grand jury from appellant's former attorney were concerned with or related to the attorney-client relationship between his former attorney and appellant and were thus privileged matters not discoverable by subpoena. Because appellant's attorney notified the United States Attorney's office that the only documents in his possession were documents regarding fees paid by or on behalf of appellant, the district court considered the arguments presented only as they related to the production of documents regarding legal fees. The district court properly placed on appel-

lant the burden of showing the attorney-client privilege as to these documents.

Appellant then presented the documents at issue to the district court for *in camera* review. Appellant also filed a notice of appeal and moved the district court for a stay of its January 4, 1985 order, pending appeal. On January 21, 1985, the district court denied appellant's motion for a stay pending appeal and filed a memorandum opinion and order. After *in camera* consideration of the submitted documents, the district court found little or no likelihood that appellant would prevail on the merits because the documents in issue solely concerned fee arrangements and payments and thus were the type of documents not covered by the attorney-client privilege. The district court also found that the submitted documents did not fall within any other exception which might preclude their admissibility. Finally, the district court concluded that if the documents were later found to be privileged, appellant could move to suppress them in any criminal proceedings against him.

The United States filed a motion to remove the documents placed under seal, which the district court granted. The documents in question were then released to the grand jury. This appeal followed.

## II

In this appeal we must decide whether the district court should have quashed a subpoena issued by a federal grand jury in the District of Maryland to an attorney who represented appellant in connection with a narcotics conspiracy case in the United States District Court for the District of Columbia in 1981, seeking documents regarding fees paid by or on behalf of appellant for the prior legal representation, merely because appellant now alleges that the attorney would be his counsel of choice in the present grand jury investigation but for the subpoena. Appellant argues that enforcing such a subpoena in this case violates his sixth amendment right to counsel, his attorney-client privilege, and his fifth amendment privilege against self-incrimination.

## A

■ The first issue on appeal is whether the compelled disclosure of the subpoenaed information violates appellant's sixth amendment right to the effective assistance of counsel. The sixth amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." The effective assistance of counsel is one of the "fundamental rights of the accused," *Glasser v. United States*, 315 U.S. 60, 72, 62 S.Ct. 457, 465, 86 L.Ed. 680 (1942), and an essential element of due process. *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). Part of this fundamental right is the right to retain counsel of one's choice. *United States v. Sheiner*, 410 F.2d 337, 342 (2d Cir.1969), *cert. denied*, 396 U.S. 825, 90 S.Ct. 68, 24 L.Ed.2d 76 (1969); *United States v. Seale*, 461 F.2d 345, 358 (7th Cir.1972).

Appellant argues that enforcing the subpoena in question would violate his sixth amendment right to effective assistance of counsel by denying him the counsel of his choice. Appellant observes that his attorney represented him in his prior criminal narcotics case in the District of Columbia and asserts that, but for the subpoena in question, he would be his counsel in the present grand jury investigation. In other words, appellant contends that by enforcing the subpoena in question, and thus compelling his attorney to produce the subpoenaed documents, his attorney is forced into becoming a witness against him and he is forced into retaining other counsel to avoid the resulting conflict of interest. Although appellant apparently concedes that the subpoena merely seeks to determine the relatively simple matter of what expenditures for attorney's fees appellant made during 1981 and subsequent years, appellant nevertheless contends that this fact does not obviate the potential conflict of interest because he may find it necessary to cross-examine his attorney about this matter.

■ We are unable to accept appellant's argument that compelling the disclosure of the subpoenaed documents, and thus possibly placing his attorney in the position of a witness against him, denies appellant his

sixth amendment right to counsel of his choice. First, we see no conflict in his attorney's further representation of appellant especially in view of the government's statement that it is prepared to consider any number of ways to have the information produced which would not disqualify appellant's attorney. For example, the government suggests that appellant's attorney could supply the fee information in a sworn statement and the information could be admitted at trial through a stipulation or through the testimony of another party such as a bookkeeper. We agree.

Second, if we were to find a sixth amendment violation here, we would be holding that fee payments would never be discoverable by a grand jury so long as there remained a possibility of further representation by the same attorney. We are unable to accept this proposition.

**B**

■ The second issue is whether enforcing the subpoena, and thus compelling appellant's attorney to disclose the subpoenaed information, violates appellant's attorney-client privilege. As appellant concedes, the attorney-client privilege normally does not extend to the payment of attorney's fees and expenses. *In re Grand Jury Proceedings (United States v. Jones)*, 517 F.2d 666, 670–71 (5th Cir.1975) (" '[T]he identity of a client is a matter not *normally* within the privilege ... nor are matters involving the receipt of fees from a client *usually* privileged.' ") (emphasis in *Jones*.) (citations omitted). *See also In Re Grand Jury Proceedings (Pavlick)*, 680 F.2d 1026, 1027 (5th Cir.1982) ("We have long recognized the general rule that matters involving the payment of fees and the identity of clients are not generally privileged."); *United States v. Haddad*, 527 F.2d 537, 538 (6th Cir.1975), *cert. denied*, 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 797 (1976) ("In the absence of special circumstances, the amount of money paid or owed to an attorney by his client is generally not within the attorney-client privilege.") (citations omitted).

Appellant attempts to circumvent this general rule by relying upon an exception

recognizing a privilege "where the person invoking the privilege can show that a strong probability exists that disclosure of such information would implicate that client in the very criminal activity for which legal advice was sought." *United States v. Hodge and Zweig*, 548 F.2d 1347, 1353 (9th Cir.1977). *See also In Re Grand Jury Proceedings—(United States v. Jones)*, 517 F.2d at 671; *Baird v. Koerner*, 279 F.2d 623, 635 (9th Cir.1960); *Tillotson v. Boughner*, 350 F.2d 663 (7th Cir.1965). That narrow exception, however, does not apply under the facts and circumstances of this case. Appellant retained his attorney in connection with a criminal narcotics case in the United States District Court for the District of Columbia in 1981. The current grand jury investigation in the District of Maryland involves potential criminal tax violations by appellant. Thus, there is no "strong probability," or even likelihood, that disclosure to the federal grand jury in the District of Maryland of attorney's fees paid in connection with the 1981 narcotics case in the District of Columbia would implicate appellant in that criminal narcotics conspiracy. Even if appellant had consulted his attorney in connection with the current criminal tax investigation, the documents at issue do not concern payment of legal fees as to this investigation and thus the exception does not apply. Appellant has provided no basis for any exception of the general rule and thus the attorney-client privilege does not prevent the disclosure to the grand jury.

**C**

■ The third issue is whether enforcing the subpoena violates appellant's fifth amendment right against self-incrimination. Appellant argues that enforcing the subpoena would violate his fifth amendment privilege against self-incrimination. This argument is apparently based upon the assertion that since the grand jury could not compel appellant to state how much he paid his attorney, the grand jury should not be allowed to compel such information from his attorney.

This argument is without merit. In *Fisher v. United States*, 425 U.S. 391, 96

S.Ct. 1569, 48 L.Ed.2d 39 (1976), the Supreme Court expressly held that a subpoena of a taxpayer's personal papers from an attorney does not violate the taxpayer's fifth amendment privilege because the accused is not personally compelled to produce the documents. More recently, in *SEC v. Jerry T. O'Brien, Inc.,* — U.S. ——, 104 S.Ct. 2720, 2725–26, 81 L.Ed.2d 615 (1984), the Supreme Court held that a person inculpated by materials sought by subpoena issued to a third party cannot seek shelter in the fifth amendment because the subpoena does not compel anyone to be a witness against himself. The grand jury subpoena in this case does not require appellant to do anything and certainly does not compel him to be a witness against himself. Thus, the fifth amendment provides no basis for quashing the subpoena issued to appellant's attorney.

Accordingly, the order of the district court denying appellant's motion to quash the subpoena issued to his attorney is

AFFIRMED.