**UNITED STATES of America**

v.

**In re GRAND JURY MATTER
(SPECIAL GRAND JURY,
JUNE TERM, 1990).**

**No. HAR 92–31 (Sealed).**

United States District Court,
D. Maryland.

April 21, 1992.

## MEMORANDUM OPINION

HARGROVE, District Judge.

Presently before this court is a Motion to Quash Grand Jury Subpoena Dated May 22, 1991. The issues have been fully briefed. No hearing is deemed necessary. Local Rule 105 (D.Md.).

Attorney R.S. ("R.S.") was properly served on June 26, 1991, with a Federal Grand Jury subpoena requesting the following information:

Any and all documents pertaining to the date and amount of fee payments made to [R.S.], Esquire by or on behalf of [John Doe] between January 1, 1985 and May 1, 1991 and the identity of the person making any such payments. Also included should be the date and amount of any fee payments made by or on behalf of [John Doe] on behalf of any other person for distribution to any other attorney between the same dates, as well as the identity of the person making those payments.

R.S. has represented John Doe in various criminal matters since 1989. According to the Government,

[R.S.] is currently representing [John Doe] in a New Jersey state prosecution for bribery and a related civil forfeiture, and previously represented him in a New York murder prosecution in 1991. The New Jersey criminal action has been pending since June of 1988, and it is not clear that a trial or other disposition of the case has been scheduled. [John Doe] was acquitted in New York of the murder charges. The United States did not initiate either of these prosecutions but has an interest in each case insofar as they may prove to be a part of a continuing course of criminal conduct by [John Doe] and may fall within the purview of the Grand Jury's inquiry. The government's interest in other criminal violations a subject or target of a grand jury investigation may have been involved is not unusual or exceptional.

The information requested was not provided by R.S., and on January 7, 1992 the Government moved to enforce the Grand Jury Subpoena Duces Tecum. On January 23, 1992, R.S. filed the Motion to Quash. In the Motion to Quash, R.S. argued that the service of a subpoena upon counsel deprives Defendant John Doe of his Sixth Amendment right to counsel, that the information sought by the Government is protected under the attorney client privilege, and that the Government has failed to make a showing of the relevancy of the requested information.

### A. *Sixth Amendment Right to Counsel*

■ R.S. first argues that the service of a subpoena upon counsel deprives Defendant John Doe of his Sixth Amendment right to counsel of his choice. However, the Courts have consistently held that a

subpoena served on an attorney during the representation of a client should only be quashed on "a showing that the subpoena would create actual conflict between the attorney and client". *In re Grand Jury Subpoenas (Anderson)*, 906 F.2d 1485 (10th Cir.1990); *In re Grand Jury Matter (Special Grand Jury Narcotics December Term, 1988)*, 926 F.2d 348 (4th Cir.1991); *In re Grand Jury Subpoena for Attorney Representing Reyes–Requena*, 913 F.2d 1118 (5th Cir.1990).

In the case at bar, no actual conflict exists. The attorney can avoid acting as a witness, and thus avoid disqualification in this case, by exercising one of many options available in providing the requested information. R.S. could provide the requested information through a records custodian from his law firm, bookkeeper or any other person capable of admitting the records as a custodian of records, or by stipulation.

R.S. also argues that the timing of the subpoena in this case makes quashing of the subpoena appropriate. R.S. states that:

> [C]ounsel and [John Doe] are already embroiled in adversary proceedings rather than merely awaiting the vague potential of future indictment. The pending action, viewed in conjunction with the ongoing and inextricably intertwined relationship between the criminal proceeding recently concluded in New York, the pending New Jersey prosecution, and the impending prosecution in Maryland makes this case factually unique, and, as such, requires quashing of the subpoena.

■ However, as the Government points out, the Movant's argument that the timing of the subpoena justifies quashing the subpoena, is misplaced. The fact that the subpoena was served during a pending criminal proceeding does not warrant quashing the subpoena. Rather, a subpoena might appropriately be quashed for timing reasons if the subpoena had been served at such a time which would make the request unreasonable, oppressive, or burdensome. As the Government notes, "in the present case ... there is no pending federal indict-

ment or a complex state criminal case demanding extensive preparation within a short time period." In fact, "the state case the Movant is currently involved with has been pending since 1988, and the federal grand jury investigation has been in progress for more than two years.... [Moreover,] the subpoena was served in June 1991 and no action to obtain counsel's compliance was taken until January 1992 by agreement of the parties."

**B.  *Attorney-client Privilege***

■ R.S. asserts that "the billing records and other documents sought by the government are inextricably linked with disbursements and expenses for investigative and trial preparatory purposes." He contends that "the instant subpoena calls for information that is integral to a confidential communication, production of which would violate the attorney-client privilege."

While the attorney-client privilege protects from disclosure confidential communications made by the client to the attorney, it does not protect from disclosure fee information as requested by the subpoena in this case. *United States v. Ricks*, 776 F.2d 455 (4th Cir.1985); *United States v. (Under Seal)*, 774 F.2d 624 (4th Cir.1985); *In re Grand Jury Proceedings (John Doe)*, 727 F.2d 1352 (4th Cir.1984). The caselaw overwhelmingly supports the rule that the attorney-client privilege is generally not violated by requiring the disclosure of the payment of attorneys fees. "Fee arrangements usually fall outside the scope of the privilege simply because such information ordinarily reveals no confidential professional communication between attorney and client, and not because such information may not be incriminating." *In re Osterhoudt*, 722 F.2d 591, 593 (9th Cir.1983). *See also In re Grand Jury Matter*, 926 F.2d 348 (4th Cir.1991); *In re Grand Jury Proceedings 88–9*, 899 F.2d 1039 (11th Cir. 1990).

The burden is on the Movant to show that the circumstances of the case fall within an exception to the general rule permitting the subpoena of attorney fee information. *In re Grand Jury Matter*

*(Special Grand Jury Narcotics, December Term, 1988),* 926 F.2d 348 (4th Cir.1991) (Burden rests on recipient of subpoena to show existence of confidential communication); *In re Walsh,* 623 F.2d 489 (7th Cir.), *cert. denied,* 449 U.S. 994, 101 S.Ct. 531, 66 L.Ed.2d 291 (1980).

In the case at bar, R.S. has failed to make a sufficient showing that the government's attempt to obtain fee arrangement information would violate confidential communications between the attorney and client. In the instant case, the payment of attorney's fees is a nonassertive act, not intended to communicate information. Further, disclosure of the date of the payments, the amount of the payments, and the identity of the persons making payments for attorney's services reveals nothing about the advice sought by John Doe or given by R.S. Again, the attorney-client privilege does not function to prevent disclosure of damaging or incriminating information, rather, it protects against disclosure of confidential professional communications. *In re Osterhoudt,* 722 F.2d at 593. As such, the attorney-client privilege does not prevent disclosure of the fee arrangements in the case at bar.

## C. *Relevance*

R.S. argues that the Government has failed to establish either the need or the relevance of the requested information.

The Government responds that the "subpoena in this case received prior departmental approval which substantially eliminated the potential of abuse by require [sic] some showing of relevancy and specificity." The Government notes that the Massachusetts district courts adopted a local rule in *United States v. Klubock,* 832 F.2d 649 (1st Cir.1986), requiring judicial review of every subpoena to be served on an attorney. The purpose of the rule was to decrease the number of such attorney subpoenas, as well as to prevent the use of the subpoena process to manipulate opposing counsel. The Government contends that because the Justice Department requires such prior approval of attorney subpoenas, and because the approval process includes

proving the justification for and the necessity of the subpoena, the Government has in fact made a showing of relevancy.

The Government asserts that "the information requested is relevant to a federal grand jury investigation into possible violations of federal money laundering, tax, narcotics, and racketeering laws by [John Doe] and others both known and unknown." Further, the Government states that "it is an essential part of investigations of this kind that all income and expenditures, from whatever source, be tracked and used to establish a network for the target of the investigation."

R.S. complains that the Department of Justice Guidelines are inadequate to safeguard against Government abuse of the subpoena, and further that any information supplied by R.S. at this time would simply be cumulative. However, the Court finds that the Department of Justice Guidelines are adequate, and that the records sought have a reasonable relation to a legitimate object of the grand jury inquiry.

## D. *Fifth Amendment Privilege Against Self–Incrimination*

In his Reply Memorandum in Support of Motion to Quash Grand Jury Subpoena, R.S. raises the argument that enforcing the subpoena would violate John Doe's Fifth Amendment privilege against compelled self-incrimination. The Court fails to see the basis for the Fifth Amendment claim. John Doe is not being compelled to incriminate himself, and no constitutionally protected documents prepared by John Doe are being sought. *Cf., Fisher v. United States,* 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976).

The Motion to Quash is denied. It will be so ordered.