**TERRE HAUTE WAREHOUSING SERVICE, INC. and Custom Wood Shapes, Inc., Plaintiffs,**

v.

**GRINNELL FIRE PROTECTION SYSTEMS COMPANY, a division of Tyco International Ltd.; Grinnell Corporation d/b/a Grinnell Fire Protection Systems Company, Inc.; VFP FIRE SYSTEMS, INC. f/k/a Viking Fire Protection Company, a division of Viking Automatic Sprinkler Company, and a subsidiary of API Group, Inc.; Binks–Sames Corporation f/k/a Binks Manufacturing Co.; The Viking Corporation; Reliable Automatic Sprinkler Company, Inc.; and Supply Network, Inc., Defendants.**

No. TH 97–232–C–M/F.

United States District Court,
S.D. Indiana,
Terre Haute Division.

Nov. 19, 1999.

Jeffrey R. Zehe, Clausen, Miller, P.C., Chicago, IL, Thomas J. Campbell, Locke, Reynolds, Boyd & Weisell, Indianapolis, IN, for plaintiffs.

John C. Trimble, Lewis & Wagner, Indianapolis, IN, for defendants.

## ENTRY AND ORDER
### on VFP Fire Systems's Motion to Compel (doc. no. 256).

FOSTER, United States Magistrate Judge.

Defendant VFP Fire Systems, Inc. has moved to compel the production of written and recorded witness statements taken by the plaintiffs' attorneys and other agents in anticipation of litigation and provided to and considered by Packer Engineering in producing its expert reports on the fire that destroyed the plaintiffs' property. The plaintiffs have designated Packer Engineering and its two employees, Russell A. Ogle and John L. Schumacher, the authors of the reports, as non-testifying experts in this case. Packer Engineering conducted a cause and origin investigation of the scene shortly after the fire.

During his deposition, Mr. Schumacher, on advice of counsel, refused to answer certain questions. VFP "certified" those questions and now moves to compel his answers.

Finally, VFP seeks leave to depose Dr. Ogle. Although we have not found a subpoena or discovery request, we will assume that VFP has asked and that the plaintiffs have refused to produce Dr. Ogle for deposition.

### 1. Production of Witness Statements and Interviews acquired and considered by Packer Engineering.

**a. Form.** VFP asserted that it subpoenaed the witness statements from Packer Engineering (a third party) and Mr. Schumacher (a third party), and served a request for production on the plaintiffs. It reports that it has received no response from Packer Engineering, (Support, p. 5), and that the plaintiffs have refused to produce the statements.

VFP's subpoena to Packer Engineering is not valid. Although VFP did not specifically allege the manner of its service of the subpoena on Packer Engineering, the copy of the subpoena it submitted on the present motion records that it was served *"Via Certified Mail, Return Receipt Requested"*. (VFP's Designation of Materials *etc.*,

(doc. no. 258) ("VFP Evidence"), Exhibit 6, p. 1). Subpoenae must be personally served; certified mail service is insufficient. *Barnhill v. United States,* No. S89–286 (RLM), 1992 WL 453880, *4, 1992 U.S. Dist. LEXIS 6085, *10 (N.D.Ind., April 8, 1992), *reversed on other grounds,* 11 F.3d 1360, 1371 (7th Cir.1993); 9A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2454, p. 24 (1995). *See United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 465 n. 3, 71 S.Ct. 416, 418 n. 3, 95 L.Ed. 417 (1951). In addition, according to the face of the subpoena, it was served on Packer Engineering at its offices in Naperville, Illinois, a suburb of Chicago, VFP Evidence, Exhibit 6, and directed production of the requested documents "by delivering such documents to the offices of Defendant's counsel" in Indianapolis, (*id.,* Request for Production, attached to subpoena, p. 1). The subpoena was issued from this Court[1] which meant that, in these circumstances, it could have been served "at any place without the district that is within 100 miles of the place of the ... production ... specified in the subpoena...." Fed. R.Civ.P. 26(b)(2). Because Naperville, Illinois is more than 100 miles from Indianapolis, the subpoena was not properly served on Packer Engineering for this reason as well. VFP did not accomplish proper service of its subpoena on Packer Engineering; therefore, the subpoena is unenforceable.

VFP delivered a subpoena *duces tecum* on Mr. Schumacher to appear for a deposition and to produce "[c]opies of any and all ... witness statements ... which were provided to you at any time by Plaintiffs, Plaintiffs' attorneys or Plaintiffs' agents to review in conjunction with your assignment int his case to provide opinions." VFP Evidence, Exhibit 11, Subpoena and attached production request no. 1. VFP complains that Mr. Schumacher failed to produce the requested witness statements at his deposition. Unlike VFP's subpoena to Packer Engineering, this subpoena does not indicate the manner of service, so it is unknown whether VFP attempted service by certified mail as well. We will assume, skeptically, that personal

service of the subpoena was effected on Mr. Schumacher. We note, however, that VFP again served its subpoena beyond the prescribed jurisdictional and geographical boundaries. The subpoena was issued from this Court and was served on Mr. Schumacher at his business address in Denver, Colorado which is where the deposition was scheduled to occur. Rule 45(a)(2) provides that "[a] subpoena for attendance at a deposition shall issue from the court for the district designated by the notice of deposition as the district in which the deposition is to be taken." In addition, even if properly issued from this Court, the site of the deposition is beyond the 100–mile "bulge" provision of Rule 45(b)(2). Mr. Schumacher's appearance at the deposition most likely waives any objection he or the plaintiffs had to service of the subpoena, to the extent of his voluntary cooperation. Therefore, his failure to produce the witness statements would not be sanctionable. (We note that Mr. Schumacher apparently denied possession, custody, or control of any of the requested witness statements).

On August 6, 1999, VFP served its "Fifth Request for Production to Plaintiffs" on the plaintiffs. VFP Evidence, Exhibit 12. A Local Rule 37.1 conference regarding this request for production was conducted on August 24, 1999 during which the plaintiffs registered their objection and refusal to produce the witness statements which prompted the present motion filed on September 17, 1999. The plaintiffs have not objected to the form of the request.

**b. Fed.R.Civ.P. 26(a)(2)(B).** VFP argues that the witness statements should be produced because they were considered by John Mertens, an expert designated by the plaintiffs to testify at trial. Rule 26(a)(2)(B) requires a party who designates an expert witness to produce a report by the witness which contains his opinions and "the data or other information considered by the witness in forming the opinions". The Packer Engineering reports identify the witness statements as information considered in develop-

---

1. "If separate from a subpoena commanding the attendance of a person, a subpoena for production or inspection shall issue from the court for the district in which the production or inspection is to be made." Fed.R.Civ.P. 26(a)(2).

ing their conclusions, but the plaintiffs have not designated the authors of the Packer Engineering reports as testifying expert witnesses. VFP argues that the witness statements must be produced nonetheless because the plaintiffs have designated John Mertens of Fyresafe Engineering as an expert witness and the plaintiffs gave to him and he considered the Packer Engineering reports. The problem with this argument, however, is that there is no evidence that the plaintiffs gave to Mr. Mertens or that he considered the witness statements considered by Packer Engineering. VFP characterizes as "confused and inconsistent" Mr. Merten's deposition testimony regarding whether he reviewed the Packer Engineering witness statements when forming his expert opinion. We do not read it that way, however. Read in context, Mr. Merten's testimony is that he reviewed the witness statements taken by Chuck Nichols, the Terre Haute Fire Department investigator, not the statements taken by Packer Engineering. He testified that he did not see any additional witness statements in the information he received from Packer Engineering and did not contact anyone at Packer Engineering in order to obtain additional witness statements. He stated that he did not know if the Packer Engineering statements were the same as the Terre Haute Fire Department statements. Mertens Deposition, p. 141–43, VFP Evidence, Exhibit 8. Mr. Schumacher, one of the authors of the Packer Engineering reports, met with Mr. Mertens and "advised him of the results of Packer Engineering's investigation and the factual bases supporting Packer Engineering's conclusions." (VFP's Memorandum of Law in Support *etc.* (doc. no. 257) ("Support"), p. 12–13). Mr. Mertens received and considered the Packer Engineering reports and other written materials, including photographs, prepared by Packer Engineering representatives. (*Id.*, p. 13). From these facts, VFP argues that "[i]t is reasonable to conclude that Mr. Schumacher's and Mr. Merten's communications in-

cluded recitation of facts set forth in the [Packer Engineering witness] statements." Whether Mr. Mertens read the statements himself—which we have already found there is insufficient evidence to that he did—or had their contents related to him by Mr. Schumacher, VFP contends that it must have the Packer Engineering statements in order to fully cross-examine Mr. Mertens. Again, VFP cites to no evidence that Mr. Schumacher communicated the details of any witness' statement to Mr. Mertens and, in the absence of such evidence, it is not reasonable to conclude that he did. Moreover, even if Mr. Schumacher had told Mr. Mertens some details of witness statements, it would be the contents of Mr. Schumacher's descriptions, not the written or recorded witness statements themselves, which would be relevant to the cross-examination of Mr. Mertens and producible under Rule 26(a)(2)(B).

■ **c. . Rule 26(b)(3).** The plaintiffs contend—and VFP does not dispute—that the witness statements taken by Packer Engineering are privileged as work product under Rule 26(b)(3).[2] The rule allows discovery of work product "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." VFP argues that witness statements taken "shortly after the incident in question" are always discoverable because "'they constitute "unique catalysts in the search for truth" in that they provide an immediate impression of the facts that cannot be recreated or duplicated by a deposition that relies upon memory.'" (Support, p. 15, *quoting Smith v. Diamond Offshore Drilling,* 168 F.R.D. 582, 584 (S.D.Tex.1996)). *See* 8 Charles A. Wright and Richard L. Marcus, *Federal Practice and Procedure,* § 2025, pp. 383–89 (1994). According to VFP, the witness statements considered by Packer Engineering were taken "no more than three months after the fire" and will be

---

**2.** Rule 26(b)(3) protects "documents and tangible things ... prepared in anticipation of litigation ... by or for another party or by or for that other party's representative (including the other party's ... insurer, or agent)...." The plaintiffs have

not contended that they do not have possession, custody, or control of all of the witness statements considered by Packer Engineering. *See* Fed.R.Civ.P. 34(a).

undoubtedly more accurate than depositions of the same witnesses taken now, over three years after the fire. (Support, pp. 15–16). VFP argues that the witness statements are relevant to the issue on which its liability hinges: whether the sprinkler system piping was connected to the paint spray booth at the time of the fire. (*Id.*, p. 15).

We first note that VFP's need for the witness statements will not be measured by any degradation of the witnesses' memories from the time their statements were given to the present, but to the time when VFP reasonably could have interviewed the witnesses itself and/or presented this motion. Fading of memories attributable to any delay by VFP would not be grounds for production of the statements now. The plaintiffs listed six individuals from whom statements were taken by itself or its agents.[3] The positions or capacities of these witnesses are not described, but we know two of the witnesses: Victor L. Everhart, the President of plaintiffs Terre Haute Warehousing and Custom Wood Shapes, and Michael Ellis, the Custom Wood Shapes' employee suspected by the fire authorities of starting the fire by his improper disposal of smoking materials. Mr. Ellis was specifically identified in the fire department reports issued soon after the fire as the suspected cause. In August 1997, the plaintiffs sued the defendants, including VFP, for failure of the sprinkler systems. The usefulness of interviewing Mr. Ellis and Mr. Everhart should have been obvious to VFP when it was sued, or shortly thereafter. Mr. Ellis' statement was taken on February 22, 1997, eleven months after the date of the

fire, and we doubt that there was significant fading of memory over the six additional months before suit was filed or before VFP could have reasonably taken his statement. The last of Mr. Everhart's statements was given in January 1997, just 7 months before VFP was sued and 9 months after the fire occurred. We doubt that Mr. Everhart's memory of the subjects of this statement faded by the time VFP could have interviewed him. Moreover, Mr. Everhart's last statement taken 9 months after the fire, Mr. Ellis' statement taken 11 months after the fire, and Ms. Mosser's statement taken 12 months after the fire are not the sort of statements taken "shortly after the incident in question" that provide "an immediate impression of the facts" for which *Diamond Offshore Drilling;* Wright, Miller, and Marcus; and other authorities find warrant disclosure of work product.

According to the plaintiffs' interrogatory answers, David Edwards, Myron White, and Bob Smith (again, their capacities or positions are unknown) all had their statements taken on March 22, 1996, just three days after the fire. These statements might constitute the type of "immediate impression" statements warranting disclosure, but just barely if so, and VFP failed to make the necessary showing that they do. VFP has deposed or taken statements of at least some of the identified witnesses, (Reply, p. 3 n. 1), yet there is no assertion that any of the witnesses claimed or indicated that their memories had failed or that they witnessed matters relating to the connection of the

---

**3.** In an interrogatory, VFP asked Terre Haute Warehousing to identify "any written or recorded statements from any persons concerning the incident complained of" in its Complaint taken by itself, its attorney, or anyone acting on its behalf. VFP Evidence, Exhibit 5, Interrogatory no. 12. Terre Haute Warehousing objected that the information was protected by the attorney-client and work product privileges but identified six individuals giving statements and the dates and formats of their statements anyway, "without waiving said objection". VFP argues that it is unclear whether these witness statements are the same ones (and all the ones) given to and considered by Packer Engineering. By identifying these statements, Terre Haute Warehousing waived any and all objections to the interrogatory regardless of its "disclaimer". If it, its attor-

ney, or anyone acting on its behalf took any additional statements, it should amend its answer to this interrogatory immediately with the additional identifications. This interrogatory does not request identification of statements given to or considered by Packer Engineering in producing its expert reports. Packer Engineering might have considered (and Terre Haute Warehousing might possess) reports taken by others. As noted, VFP's "Fifth Request for Production to Plaintiffs" requests copies of all statements made by employees of Terre Haute Warehousing and Custom Wood Shapes which Mr. Schumacher relied upon to establish factual matters in his expert reports. We note that this request would not include statements of witnesses not employed by either of the plaintiffs.

sprinkler system on the day of the fire. These statements would certainly be on the borderline of the type of "immediate impression" statements for which the exception to work product protection is afforded, so the showing of circumstances was doubly important in these cases. Without that showing, we cannot determine whether the lapses of time are likely to have clouded the witnesses' recollections.

Finally, without the necessary showings of a claimed and likely failure of memory, we cannot conclude that Mr. Everhart's statements given on April 9 and 25, and July 22, 1996, from one to three months after the fire, constitute the type of "immediate impression" statements that might justify an exception to work product protection.

■ **d. Rule 26(b)(4)(B).** Facts known or opinions held by an expert who has been specially employed in anticipation of litigation or preparation for trial, but who is not expected to be called as a witness, may be discovered "upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Fed.R.Civ.P. 26(b)(4)(B). VFP relies on the same "memory lapse" arguments it advanced to overcome work product protection to argue that the witness statements Packer Engineering considered should be produced. For the same reasons set forth above, we reject VFP's arguments. In addition, Rule 26(b)(4)(B) applies to facts known and opinions held by a nontestifying expert independent of Rule 26(b)(3) and work product protection. *Costal Towing, Inc. v. Novarco, Ltd.,* No. CIV. A. 98–492, 1999 WL 970357 (E.D.La., Oct. 21, 1999); *Vanguard Savings & Loan Ass'n, VSL Service Corp. v. Banks,* No. CIV. A. 93–4627, 1995 WL 71293 (E.D.Pa., Feb. 17, 1995); 8 Wright and Marcus, *Federal Practice and Procedure* § 2032 (1994). It appears that Rule 26(b)(4)(B) applies to facts known and opinions held directly by the non-testifying expert himself and does not independently reach any documents or things consulted or collected by the expert, such as witness statements.

■ **e. Waiver.** VFP argues that Mr. Schumacher waived the work product protection for Packer Engineering's witness statements when he related the contents of the statements during his deposition. There is no protection for facts known by parties and their agents even if the knowledge of those facts is acquired in anticipation of litigation. Likewise, information identifying work product is not privileged. VFP argues that the plaintiffs' "assent to [Mr. Schumacher's] participation in this action as a fact witness renders his opinions garnered from the on-site investigation discoverable." (Support, p. 19). In his deposition, Mr. Schumacher testified generally regarding some facts learned from witness statements but he was unable to recall the witnesses who gave the statements. VFP has not shown that Mr. Schumacher did anything other than relate some facts learned from the witness statements and identify the source of those facts, information which is not protected by the work product privilege. The plaintiffs have not waived the work product privilege protecting Packer Engineering's witness statements by failing to object to Mr. Schumacher's testimony.

### 2. Reconvening Mr. Schumacher's deposition.

■ Mr. Schumacher refused, on advice of counsel, to answer certain questions during his deposition on the grounds that the information requested was protected by Rule 26(b)(4)(B). VFP "certified" these questions and now moves for an order compelling Mr. Schumacher to answer the questions. We have examined the cited questions and agree with the plaintiffs that the information requested asks for Mr. Schumacher's expert opinions and the bases for those opinions. The plaintiffs did not object to Mr. Schumacher testifying to the facts he observed or learned during his investigation, which is not work product or protected by Rule 26(b)(4)(B). As a non-testifying expert, Mr. Schumacher's opinions and the bases therefor are protected from discovery by Rule 26(b)(4)(B). Mr. Mertens considered the reports produced by Messrs. Ogle and Schumacher and those reports have been produced under Rule 26(a)(2)(B). Mr. Mertens denied, and VFP did not show, that he con-

sidered any of the witness statements considered by Messrs. Ogle and Schumacher in developing their reports. VFP has presented no authority that Rule 26(a)(2)(B) permits discovery of the data underlying non-testifying experts' opinions when those reports are considered by testifying experts.

### 3. Deposition of Dr. Ogle.

The plaintiffs have declared that they will not be calling Dr. Ogle as a fact or expert witness and they have designated him as a non-testifying expert. VFP wants to depose Dr. Ogle nonetheless in order to assist its cross-examination of Mr. Mertens who considered Dr. Ogle's reports when developing his own expert report. VFP wants to explore the bases for and quality of Dr. Ogle's reports. VFP argues an exceptional need for Dr. Ogle's testimony since it did not have an opportunity to conduct an inspection of the site after the fire. As we ruled above, the facts known and opinions held by Messrs. Ogle and Schumacher are protected by Rule 26(b)(4)(B). Their expert reports were produced under Rule 26(a)(2)(B). The plaintiffs do not object to producing Dr. Ogle for the limited purpose of establishing whether he visited the fire scene (and, presumably, if he did, relating any facts observed). (Reply, p. 5). If Dr. Ogle inspected the fire scene shortly after the fire, he would ordinarily be a fact witness subject to discovery. However, as a non-testifying expert, the facts he knows directly are protected from discovery by Rule 26(b)(4)(B) unless exceptional circumstances exist under which it is impracticable for VFP to obtain the facts by other means. Because VFP did not have an opportunity to inspect the fire scene, and that scene now has been irretrievably altered, exceptional circumstances exist justifying VFP in obtaining witnesses' observations of the scene shortly after the fire, including Dr. Ogle's observations if he visited the site. Therefore, VFP may discover any facts observed by Dr. Ogle at the fire scene, but it is not entitled to discover his interpretations or opinions derived from those facts or his expert opinion generally on the facts or circumstances of the case. The plaintiffs assert that Dr. Ogle did not visit the fire scene and therefore has no personal knowledge of any relevant discoverable facts. It might be a very short deposition, therefore, and VFP should consider whether an alternative, less expensive discovery method should be employed. VFP also argued that it needs to depose Dr. Ogle in order to determine what steps he might have omitted from the on-site investigation and what facts he might have omitted from his reports and it wants to determine the extent of his involvement in the investigation of the scene and obtain a summation of his opinions. These subjects of inquiry are protected from discovery under Rule 26(b)(4)(B).

### Rulings.

1. VFP's motion to compel the production of witness statements taken by the plaintiffs and their agents and considered by Packer Engineering in developing its expert reports in compliance with VFP's Fifth Request for Production to Plaintiffs (VFP Evidence, Exhibit 12), production request no. 1 of its subpoena *duces tecum* to Mr. Schumacher (*id.,* Exhibit 11), and production request no. 6 of its subpoena *duces tecum* to Packer Engineering (*id.,* Exhibit 6) is DENIED.

2. VFP's motion to compel Mr. Schumacher to answer its certified questions during Mr. Schumacher's deposition and VFP's request that Mr. Schumacher's deposition be reconvened to answer said questions are DENIED.

3. VFP's request to depose Dr. Ogle is GRANTED in part. VFP may discover facts observed by Dr. Ogle from his inspection of the fire scene and other relevant facts of which he has personal knowledge. VFP may not inquire into Dr. Ogle's opinions or the factual or scientific bases for his opinions. VFP shall depose Dr. Ogle only after consultation with the plaintiffs and Dr. Ogle's counsel and only if there is agreement that interrogatories are an impracticable means of obtaining the information.